UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RYAN MASON,                          )
   Plaintiff,                        )
                               )
   vs.                              )        Case No. 22-2258
                               )
CHAMPAIGN COUNTY JAIL and            )
CORRECTIONAL OFFICER ALLEN,          )
   Defendants                        )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint.  The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified two Defendants: the Champaign County Jail and Correctional Officer Allen.  Plaintiff says on May 6, 2022, Inmate DW threatened to harm Plaintiff if the inmate's cell door was opened.  The inmate made this threat in front of Defendant Allen.  Approximately 30 minutes later, Defendant Allen opened Inmate DW's cell even though "he should not have been released." (Comp., p. 4).  The inmate then assaulted and injured Plaintiff.   Plaintiff says he still suffers with severe back pain and blurred vision in his left eye.

Plaintiff has adequately alleged Defendant Allen violated his constitutional rights when he failed to protect Plaintiff from an inmate assault.  If Plaintiff was a pretrial detainee at the time of the allegation, his claim will be pursuant to the Fourteenth Amendment.  If Plaintiff was convicted of a criminal offense, his claim will be pursuant to the Eighth Amendment. *See i.e. Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

Plaintiff may not proceed with his claim against the Champaign County Jail.  The jail is not a proper Defendant since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. Appx 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Correctional Officer Allen failed to protect Plaintiff from an inmate assault on May 6, 2022.  The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as

premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service.  Defendant has 60 days from service to file an Answer.  If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Champaign County Jail for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendant Allen pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 4) Enter the**

**Court's standard qualified protective order pursuant to the Health Insurance**

**Portability and Accountability Act.**

Entered this 29th day of March, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE