UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 22-2258 |
| | ) |
| ABBIGAIL ALLEN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Abbigail Allen's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, filed pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1. (Doc. 24). For the reasons stated below, Defendant's motion is GRANTED.

**BACKGROUND**

Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that Defendant Allen, a correctional officer at the Champaign County Jail ("Jail"), violated his constitutional rights when she failed to protect him from an inmate assault on May 6, 2022. (Doc. 1). Specifically, Plaintiff alleged that another inmate threatened to harm him if the inmate's cell door was opened. The inmate made this threat in front of Defendant Allen. Approximately thirty minutes later, Defendant Allen allegedly opened the inmate's cell door, and the inmate assaulted and injured Plaintiff.

On July 12, 2023, Defendant Allen filed a Motion for Summary Judgment asserting that Plaintiff failed to exhaust his administrative remedies. (Doc. 24). The Court issued a notice warning Plaintiff that if he failed to respond within twenty-one days, the motion would be granted, if appropriate, and the case would be terminated without a trial. (Doc. 25). On August 9, 2023, the Court *sua sponte* extended the deadline for Plaintiff to file his response to September 7, 2023. (d/e

8/9/2023). To date, Plaintiff has not responded to Defendant's motion or requested an extension of time.

**UNDISPUTED MATERIAL FACTS**

Plaintiff was arrested and booked at the Jail on December 21, 2021. (Doc. 24-1 at ¶ 3). After being booked, all new detainees, including Plaintiff, go through a classification process before being housed. *Id.* at ¶ 6. During this process, a classification officer offers the detainees a copy of the Jail's Inmate Handbook and requires them to sign a document acknowledging that they either received a copy of the Handbook or are aware they can access the Handbook on the kiosks. (*Id.*; Doc. 24-2). On December 22, 2021, Plaintiff signed the document acknowledging that he received information about how to view the Handbook on the kiosks and understood that he could, alternatively, request a copy of the Handbook. (Doc. 24-1 at ¶ 7; Doc. 24-3).

To file a grievance, detainees can complete handwritten grievance forms and submit them to the grievance program coordinator via the correctional officers responsible for managing any Jail pod. (Doc. 24-1 at ¶ 8). Plaintiff had access to the kiosks and/or the ability to obtain, fill out, and submit a handwritten grievance. (*Id.* at ¶ 11).

According to Ryan Snyder, a Lieutenant at the Jail, Plaintiff may have filed some grievances regarding the alleged incident and/or Defendant Allen, but Plaintiff never exhausted the Jail's grievance procedure by appealing any unsatisfactory intra-jail appeal response to the Illinois Department of Corrections ("IDOC"). (*Id.* at ¶ 5; Doc. 26-2 at p. 25).

According to the Handbook in effect on May 6, 2022, Plaintiff was required to appeal any unsatisfactory grievance appeal response to the IDOC. (Doc. 24-1 at ¶ 9; Doc. 24-2 at p. 25). After Plaintiff received an unsatisfactory appeal response to his grievance, there is no evidence that Plaintiff appealed that response to the IDOC. (Doc. 24-1 at ¶ 11; Doc. 24-2 at pp. 24-25). Plaintiff

never prepared, sent, and/or copied the Jail on an appeal of an intra-jail appeal response sent to the IDOC at any time regarding Defendant Allen or the claims in this case. (Doc. 24-1 at ¶ 12). No one at the IDOC ever notified the Jail that Plaintiff filed an appeal regarding an unsatisfactory appeal response that he received regarding Defendant Allen or the alleged incident on May 6, 2022. (*Id.* at ¶ 13).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).

A court's "favor toward the nonmoving party does not extend to drawing 'inferences that are only supported by speculation or conjecture.'" *Id*. To successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted).

"Even where a nonmovant fails to respond to a motion for summary judgment, the movant 'still had to show that summary judgment was proper given the undisputed facts,' *Yancick v.*

*Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011), with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

## EXHAUSTION STANDARD

The PLRA prohibits prisoners from filing lawsuits pursuant to § 1983 "until such administrative remedies as are available are exhausted." § 1997e(a); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (pretrial detainees are "prisoners" for purposes of the PLRA). Exhaustion of administrative remedies under § 1997e is a condition precedent to suit, *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 2009), and applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Failure to exhaust administrative remedies is an affirmative defense; the defendants have the burden of proving the detainee had available remedies he did not utilize. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 665 (7th Cir. 2004). Therefore, a lawsuit filed by a detainee before he exhausted his administrative remedies must be dismissed because the court lacks the discretion to resolve the claim on the merits. *Perez*, 182 F.3d at 535; *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005). Unless a detainee completes the administrative process by following the rules the jail has established, exhaustion has not occurred. *Pozo*, 286 F.3d at 1023. Exhaustion means completing all stages of the process in a timely and proper manner. *Id*. at 1024. An inmate cannot satisfy the requirements under § 1997e

by filing an untimely or otherwise procedurally defective grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).

## ANALYSIS

It is undisputed that Plaintiff had knowledge of the Jail's grievance process and access to the Inmate Handbook. (*See* Doc. 24-3). The Jail's grievance procedure involved a three-step process. (Doc. 24-2 at pp. 24-25). First, Plaintiff was required to submit a grievance within fourteen days of the incident. *Id.* at p. 24. Second, Plaintiff was required to file an appeal directly to the Jail Superintendent/designee, in writing, within five days of receiving a response. *Id.* at p. 25. The Jail Superintendent/designee would then review all documentation relating to the appeal and notify the detainee of the decision in writing. *Id.* Third, Plaintiff was required to appeal the grievance appeal response to the IDOC. *Id.*

According to a sworn declaration from Lieutenant Snyder, Plaintiff failed to exhaust the final step of the Jail's grievance procedure by appealing any unsatisfactory intra-jail appeal response to the IDOC. (Doc. 24-1 at ¶ 5; Doc. 24-2 at p. 25). Plaintiff had access to an electronic kiosk to file a grievance and/or the ability to obtain, complete, and submit a handwritten grievance. (Doc. 24-1 at ¶ 11). Plaintiff also had the ability to file an intra-jail appeal of any grievance denial and prepare and mail an appeal of any unsatisfactory intra-jail appeal response. *Id.* Plaintiff never prepared and sent an appeal to the IDOC addressing a grievance related to Defendant Allen and the claims in this case. *Id.* at ¶ 12. Therefore, summary judgment in favor of Defendant Allen is warranted based on Plaintiff's failure to exhaust his administrative remedies.

**IT IS THEREFORE ORDERED:**

1) Defendant Abbigail Allen's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [24] is GRANTED. Defendant Allen is DISMISSED WITHOUT

PREJUDICE. Plaintiff takes nothing. The parties will bear their own costs. The Clerk is directed to enter judgment and close this case.

    2)    Although this case has been dismissed, Plaintiff remains responsible for the reminder for the $350 filing fee. (d/e 12/13/2022).

    3)    If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

    ENTERED: 11/8/23

                                                      s/ James E. Shadid
                                                      James E. Shadid
                                                      United States District Judge